# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3506

_____

| | | |
|---|---|---|
| Melvin Avery Warren, Sr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Department of Veterans Affairs; | * | |
| Anthony J. Principi, Secretary | * | [UNPUBLISHED] |
| of Veterans Affairs, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 1, 2004

Filed: June 7, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Melvin Avery Warren, Sr., a former employee of the Department of Veterans Affairs ("VA"), brought an action claiming that the VA discriminated against him when it fired him during his probationary period. Mr. Warren moved for entry of default, and the VA moved for dismissal or summary judgment. The district court[1]

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

held that Mr. Warren's action was barred because he had not timely exhausted his administrative remedies, and that he was not entitled to default judgment. Mr. Warren appeals.

Having carefully reviewed the record and the parties' briefs, we agree that Mr. Warren's complaint was time barred as he did not exhaust his administrative remedies by timely pursuing his administrative complaint, see 29 C.F.R. §§ 1614.105, 1614.106; Jensen v. Henderson, 315 F.3d 854, 859 (8th Cir. 2002), and thus he was not entitled to entry of default, see Fed. R. Civ. P. 55(e) (no judgment by default shall be entered against United States agency unless claimant establishes claim or right to relief by evidence satisfactory to court). Accordingly, we affirm. See 8th Cir. R. 47B.

_____